File No. 14942-18-33777-B
BRIAN E. CAINE
Law Offices
PARKER McCAY P.A.
9000 Midlantic Drive, Ste 300
P.O. Box 5054
Mt. Laurel, NJ 08054
(856) 596-8900
**Attorneys for Secured Creditor, MTGLQ Investors, LP**

| IN RE:<br><br>Abdo E. Fegahli<br><br><br><br><br><br>Debtors. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CHAPTER: 13<br><br>CASE NO.  18-22063-RG<br><br><br><br>Hearing: 9/5/2018 at 09:00 AM |
|---|---|

OBJECTION TO CONFIRMATION OF PLAN PURSUANT TO LOCAL RULE 3015-6, 11 *U.S.C.* SECTION 1322, 1324, AND 1325, *ET SEQ.*

MTGLQ Investors, LP ("Secured Creditor"), the holder of a mortgage on the real property, located at 181 Hopper Street, Hackensack, NJ 07601, of the debtor and/or other collateral (if any) as is set forth in Secured Creditor's proof of claim, by and through its undersigned attorneys, hereby objects to the confirmation of the Chapter 13 Plan proposed by the debtor in the event that the debtor has failed to make post-petition mortgage payments as required by the proposed plan and/or as required by 11 *U.S.C.* Section 1322 and 1326, *et seq.*

Furthermore, as of the date of the filing of the Petition (6/14/18), the Debtor had mortgage arrears of approximately $310,807.18, and Secured Creditor held a secured claim in the amount of $624,499.22. An initial review and estimation has revealed that the Plan contains insufficient arrears.  The Chapter 13 Plan does not provide for the Secured Creditor to receive distributions with a value equal to the allowed amount of its claim as required by 11 U.S.C. 1325(a)(5)(B)(ii), and as set forth in its proof of claim.

**Further, objection is made as the Chapter 13 Plan is based on the approval of a loan modification/short sale with a proposed completion to be determined by the court.** Secured Creditor submits that applying for a loan modification or a short sale does not override the burdens and requirements that a Chapter 13 Debtor must comply with during the life of the bankruptcy proceeding.

| g. Secured Claims to be Paid in Full Through the Plan ☐ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid through the Plan |
| MTGLQ Investors, L.P. | 181 Hopper Street Hackensack, NJ 07601  Bergen County | Paid outside of Plan pursuant to lender's short sale approval |

*** The loan is presently being serviced by Rushmore Loan Management Services

**Secured Creditor also objects to the proposed monthly payment of only $1,800.00 per month.** The regular monthly mortgage payments is $2,840.46. The debtor is not presently in the loss mitigation programs such to propose adequate protection payments.

The Debtor's entire Chapter 13 Plan and reorganization is dependant upon and contingent on a loan modification or a short sale.  The Debtor assumes he/she will be a viable candidate for a modification, the documents sent are complete and sufficient the first time; the Debtor can afford the proposed modification; the modification is accepted immediately; the plan will work with the modification; and the modification documents are signed soon after the response period has passed.

The Plan is contingent upon a loan modification which is similar to plans that call for a refinance or sale of a mortgaged property.  In those cases, Court have held that "the statutory feasibility requirement obligates the Debtors to present competent evidence that refinancing is likely, typically by producing a commitment letter from a qualified lender."  In

LAW OFFICE
**PARKER McCAY P.A.**

re Saunders, 2008 Bankr. LEXIS 781 (Bankr. E.D. Pa. 2008) (citing numerous case from various jurisdictions consistent with this point). Furthermore, "without proper funding in place or firm commitment for such funding, the court cannot find the plan feasible." In re Stratford Associates Ltd. Partnership, 145 B.R. 689, 699 (Bankr. D. Kan. 1992). See also, In re Erickson, 176 B.R. 753 (E.D. Pa 1995) (holding that debtor's proposed plan, funded by a sale, when sale was to be completed or effect of debtor's inability to find a buyer, was not sufficiently "feasible" to be confirmed); In re Houge, 78 B.R. 867 (Bankr. S.D. Ohio 1987) (holding that Chapter 13 plans, the success of which depends on sale or refinancing three to five years from plans' inceptions, did not satisfy feasibility requirement).

Similar to those cases, Debtor's Plan is not feasible, not confirmable, and not proposed in good faith. 11 U.S.C. § 1325(a)(6) provides that in order to be confirmable, a plan must provide that "debtor will be able to make all payments under the Plan and to comply with the plan." The Debtor's proposed Plan does not adequately provide for payment of post-petition mortgage payments and there is no indication that they will be able to obtain the loan modification necessary to cure and maintain mortgage payments. The Plan is based upon a conjecture and an unsupported assumption that the Debtor will qualify for, and make payments under, a loan modification.

Debtor has offered no credible evidence that they will be able to obtain the loan modification to fund their plan, or approval from Secured Creditor to a short sale. Without funding, their plan is not feasible.

In the event Debtor is unable to secure a Loan Modification or a Short Sale, as set forth in the plan, the case should be dismissed because they debtor cannot afford to otherwise cure the pre-petition arrears.

LAW OFFICE
PARKER McCAY P.A.

Document    Page 4 of 4

Further, objection is made to confirmation of the proposed Plan in the event that:

(a) the debtor has failed to make all required payments to the Standing Trustee pursuant to 11 U.S.C. Section 1326;

(b) the debtor seeks to modify the rights of Secured Creditor, which is the holder of a claim secured only by a security interest in real property that is the principal residence of the debtor;

(c) the proposed plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith;

(d) the proposed plan does not provide that Secured Creditor retain its lien;

(e) the value of the property to be distributed to Secured Creditor under the plan is less than the allowed amount of its claim;

(f) the proposed plan is not feasible;

(g) the proposed plan fails to comply with other applicable provisions of Title 11.

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 *U.S.C.* Section 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

Respectfully submitted,
Parker McCay P.A.

/s/BRIAN E. CAINE
BRIAN E. CAINE

LAW OFFICE
**PARKER McCAY P.A.**

Date: August 7, 2018